V. James DeSimone (SBN: 119668)
Carmen D. Sabater   (SBN: 303546)
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880

Attorneys for Plaintiff,
LAURA MONTILLA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MONTILLA,<br><br>        PLAINTIFF,<br><br>        v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE; THE COUNTY OF LOS ANGELES; SHERIFF ALEX VILLANUEVA; and DOES 1-100 inclusive,<br><br>        DEFENDANTS. | Case No: 2:20-cv-05505<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1.  **First Amendment Violation (42 U.S.C. § 1983)**<br>2.  **Fourth Amendment Violation (42 U.S.C. § 1983)**<br>3.  **Fourteenth Amendment Violation (42 U.S.C. § 1983)**<br>4.  **False Arrest/False Imprisonment**<br>5.  **Assault and Battery**<br>6.  **Negligence**<br>7.  **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>8.  **Intentional Infliction of Emotional Distress**<br>9.  **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                        V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                              Carmen D. Sabater, Esq.

PLAINTIFF, LAURA MONTILLA (hereinafter "PLAINTIFF" or "Ms. MONTILLA"), for her complaint against DEFENDANTS CITY OF LOS ANGELES (hereinafter "CITY OF LOS ANGELES" or "CITY"), Police Chief MICHEL MOORE (hereinafter "MOORE"), COUNTY OF LOS ANGELES (hereinafter "COUNTY OF LOS ANGELES" or "COUNTY"), SHERIFF ALEX VILLANUEVA (hereinafter "VILLANUEVA"), and DOES 1-100 (hereinafter collectively DEFENDANTS), inclusive, alleges as follows:

## NATURE OF ACTION

1. This is an action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under state law in connection with officers' unjustified assault and use of force, handcuffing, arrest and prolonged detention of LAURA MONTILLA by DEFENDANT DOES 1-100 of the Los Angeles Police Department (hereinafter "LAPD").

2. This action arises out of protests across the United States and other nations following the murder of George Floyd by officers with the Minneapolis Police Department.  After the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people around the country and globe simultaneously expressed the collective condemnation for the deaths of Black, Indigenous and People of Color (hereinafter "BIPOC") men and women at the hands of law enforcement and vigilantes condoned by local law enforcement and their support for the Black Lives Matter movement.  Large demonstrations occurred in the Los Angeles area, and the vast majority of the participants were peaceful, principled individuals exercising their First Amendment Right to assemble to seek redress for grievances. Over the course of approximately a week, the LAPD arrested more than 2600 individuals engaged in peaceful protest.

3. The CITY OF LOS ANGELES has been repeatedly sued for the tactics the LAPD engaged in over the course of the above-mentioned arrests.  The LAPD displayed tactics including, but not limited to, kettling protestors before declaring

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                      V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                      Carmen D. Sabater, Esq.

an unlawful assembly, excessive force with batons and rubber bullets, and prolonged handcuffing and improper conditions of confinement for arrestees. By kettling the demonstrators, including PLAINTIFF, detaining, keeping them tightly handcuffed on buses for over five hours, without access to bathroom facilities, water or food, DEFENDANTS violated Ms. MONTILLA's rights under the U.S. and California Constitution.

4.     DEFENDANTS DOES 1-100 are directly liable for PLAINTIFF's injuries under state law pursuant to California Government Code § 820.

5.     DEFENDANTS, CITY OF LOS ANGELES, MOORE, COUNTY OF LOS ANGELES, VILLANUEVA, and DOES 1-100 also proximately caused Ms. MONTILLA's injuries and are liable under state law pursuant to California Government code §§ 815.2 and 820.

6.     The policies and customs behind assaulting and arresting peacefully protesting civilians such as LAURA MONTILLA are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as LAURA MONTILLA herein seeks by means of this action to hold accountable those responsible for the unjustified assault, use of force, handcuffing and detention of LAURA MONTILLA.

## PARTIES AND THEIR AGENTS

7.     PLAINTIFF LAURA MONTILLA is a twenty-two-year-old woman, and at all times mentioned in this Complaint was a resident of the County of Los Angeles, California.

8.     PLAINTIFF is informed and believed DOES 1-100 are individuals living in the County of Los Angeles, California.  At all relevant times, DOES 1-100 were public employees and agents of DEFENDANT CITY OF LOS ANGELES and were acting with the course and scope of their respective duties as police officers and with complete authority and ratification of their principal DEFENDANT CITY OF LOS ANGELES.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                        V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                        Carmen D. Sabater, Esq.

9. At all relevant times, DEFENDANTS DOES 1-100 were duly appointed officers and/or employees or agents of the CITY OF LOS ANGELES or COUNTY OF LOS ANGELES subject to oversight and supervision by CITY OF LOS ANGELES or COUNTY OF LOS ANGELES' elected and non-elected officials.

10. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-100 were agents, servants, and employees of DEFENDANT CITY OF LOS ANGELES and/or the LAPD or the COUNTY OF LOS ANGELES and/or the Los Angeles County Sheriff's. PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1-100, inclusive, and therefore sue these DEFENDANTS by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their individual and official capacities.

11. In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS DOES 1-100 were acting on the implied and actual permission and consent of CITY OF LOS ANGELES and MOORE or the COUNTY OF LOS ANGELES and VILLANUEVA.

12. DEFENDANT CITY OF LOS ANGELES is a municipal corporation duly organized and existing under the Constitution and laws of the State of California. LAPD is a local government entity and an agency of CITY OF LOS ANGELES, and all actions of the LAPD are the legal responsibility of the CITY OF LOS ANGELES. CITY OF LOS ANGELES is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims.

13. DEFENDANT MICHEL MOORE is, and was, at all times relevant to this action, the LAPD police chief and a policymaker for his department. He is sued in both his individual and official capacities.

14. PLAINTIFF is informed and believes, and thereupon alleges,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                   V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                        Carmen D. Sabater, Esq.

1  DEFENDANT COUNTY OF LOS ANGELES is now, and at all times mentioned

2  in this Complaint was, a municipal corporation and political subdivision organized

3  and existing under the laws of the State of California and owns, operates, manages,

4  directs and controls the LOS ANGELES COUNTY Sheriff's Department and other

5  operating departments of the COUNTY.

6       15.    DEFENDANT ALEX VILLANUEVA is, and was, at all times

7  relevant to this action, the 33rd Sheriff of LOS ANGELES COUNTY.  He is sued

8  in both his individual and official capacities.

9       16.    All DEFENDANTS who are natural persons, including DOES 1-100,

10  are sued individually and/or in his/her official capacity as officers, sergeants,

11  captains, commanders, supervisors, and/or civilian employees, agents, policy

12  makers, and representatives for the CITY OF LOS ANGELES or COUNTY OF

13  LOS ANGELES.

14       17.    DEFENDANTS are liable for PLAINTIFF's injuries under California

15  law and under the doctrine of *respondeat superior*.  Liability under California law

16  for public entities and public employees is based upon California Government Code

17  §§ 815.2 and 820.

18       18.    At all times mentioned herein, each and every DEFENDANT was the

19  agent of each and every other DEFENDANT and had the legal duty to oversee and

20  supervise the hiring, conduct and employment of each and every DEFENDANT

21  herein.

22       19.    On or around June 19, 2020, PLAINTIFF filed comprehensive and

23  timely claims for damages in accordance with Government Code §§ 910 and 911.2.

24       20.    PLAINTIFF will seek leave to amend the Complaint after the CITY

25  OF LOS ANGELES and/or COUNTY OF LOS ANGELES reject(s) the claim for

26  damages.

27       21.    Finally, at all relevant times mentioned herein, all DEFENDANTS

28  acted as agents of all other DEFENDANTS in committing the acts alleged herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**JURISDICTION AND VENUE**

22. This Court has subject matter jurisdiction over the PLAINTIFF's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction). This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

23. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein occurred in the Central District of California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

24. PLAINTIFF repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25. PLAINTIFF LAURA MONTILLA is a 22-year-old woman who currently, and at times relevant to this Complaint, resides in Los Angeles County, California and has recently graduated from the University of Southern California with a degree in public relations.

26. On June 1, 2020, Ms. MONTILLA gathered as part of a peaceful protest in Los Angeles in a display of support for Black Lives Matter and the families and memory of BIPOC deaths at the hands of law enforcement, in particular George Floyd.

27. On May 25, 2020, Minneapolis Police Officer Derek Chauvin, along with two other officers, held George Floyd on the ground, handcuffed behind his back, and ignored pleas to get off his neck, back and legs and let him breathe. Officer Chauvin kept his knee on Floyd's neck for 8 minutes, forty-six seconds. As a result, Mr. Floyd died on the street in Minneapolis.

28. Both the Minneapolis law enforcement and prosecutors as well as the public, concluded that George Floyd was the latest person to die at the hands of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                              V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                                       Carmen D. Sabater, Esq.

police because of deliberate and unlawful tactics of law enforcement largely because of extensive video by onlookers, security cameras, including police body cameras.

29.    In Los Angeles, tens of thousands of people participated in lawful and peaceful protest as part of an extraordinary reaction of protests across the country and around the world.  Individuals in the protests expressed their ideas in different forms.

30.    DEFENDANTS reacted to protests, regardless of form or application, by employing expansive curfews and arrests for allegedly failing to comply with curfews, failing to disperse, unlawful assembly, failure to follow a "lawful" order of an officer, and similar misdemeanors undermining the right to engage in protected expressive activity in public spaces.

31.    California Penal Code § 409, which defines an unlawful assembly, has been repeatedly construed to require a showing of imminent violence that so permeates a lawful expressive activity that law enforcement may curtail the rights of all. In this instance, those facts did not exist.

32.    At approximately 4:21 PM on June 1, 2020, Ms. MONTILLA received information that the curfew formally understood to take effect at 6:00 PM on June 1, 2020 had been changed to 5:00 PM on June 1, 2020.  Ms. MONTILLA attempted to find an exit route to get off the streets to comply with the curfew, but she was repeatedly rebuffed by lines of police in riot gear.  Ms. MONTILLA inquired of an LAPD Officer how she could leave to comply with the curfew, but the LAPD Officer responded rudely and aggressively informing her that she would not be permitted to leave the streets which were under curfew.

33.    At, or near, 5th and Main Street, Los Angeles, California 90013, DEFENDANTS surrounded PLAINTIFF with a boxed-in tactic known as kettling.

34.    After the announcement of a revised curfew, DEFENDANTS engaged in kettling peaceful protestors by surrounding a small number of peaceful citizens,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                         Carmen D. Sabater, Esq.

1  including Ms. MONTILLA, by a large number of uniformed law enforcement
2  equipped with less-than-lethal weapons and tactical riot gear.

3      35.    Ms. MONTILLA personally witnessed law enforcement engage in
4  kettling tactics without face masks.

5      36.    Ms. MONTILLA, and others surrounded by the kettling tactic, knelt
6  on the ground to display compliance.

7      37.    Ms. MONTILLA personally witnessed officers physically attack,
8  strike and taser individuals who had attempted to peacefully leave the area in
9  compliance with the curfew.

10      38.    DEFENDANTS did not at any time provide Ms. MONTILLA with her
11  Miranda Rights.

12      39.    Ms. MONTILLA personally witnessed every law enforcement
13  DEFENDANT interacting with Ms. MONTILLA and other arrestees without
14  protective face masks during a global pandemic.

15      40.    DEFENDANT Doe Officer, employed by the LAPD,  so tightly
16  handcuffed Ms. MONTILLA in zip ties that she later lost feeling in her right hand,
17  had abrasions and a bruise on her wrist lasting days after her arrest, and caused
18  damage to her arm so extreme that she was unable to use her right hand to sign a
19  citation after her five-hour detainment.

20      41.    Ms. MONTILLA repeatedly asked DEFENDANTS how long she and
21  other arrestees would be detained and where DEFENDANTS were taking them.
22  DEFENDANTS refused to provide any semblance of an answer.  Doe defendants
23  employed by the CITY and COUNTY engaged in a joint law enforcement operation
24  resulting in an unlawful and unreasonable seizure of Ms. MONTILLA.  The CITY
25  and COUNTY deliberately and callously subjected Ms. MONTILLA and others to
26  torturous, inhumane conditions as described herein.

27      42.    DEFENDANTS included among the arrestees a homeless woman, not
28  participating in the protest, with a mental illness readily apparent to other arrestees,

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*          V. James DeSimone, Esq.
Case No.:  2:20-cv-05505          Carmen D. Sabater, Esq.

1   who proceeded to have a traumatic panic attack in response to the tactics
2   DEFENDANTS engaged on the bus with cages holding arrestees.

3       43.    At, or near, 5ᵗʰ and Main Street, Los Angeles, California 90013,
4   PLAINTIFF stood while detained for approximately an hour.

5       44.    At, or near, 5ᵗʰ and Main Street, Los Angeles, California 90013,
6   DEFENDANTS directed Ms. MONTILLA and other arrestees to board a bus.

7       45.    DEFENDANTS placed Ms. MONTILLA in a cage on a bus with other
8   women, while handcuffed without access to food or water and without access to a
9   bathroom for approximately five hours.

10      46.    Ms. MONTILLA personally witnessed fellow arrestees urinate
11  themselves while detained on the bus without access to bathrooms.

12      47.    DEFENDANTS turned off lights in the bus drastically inhibiting the
13  ability to see for all individuals, including Ms. MONTILLA, on the bus.

14      48.    Ms. MONTILLA personally witnessed several individuals in
15  handcuffs, left in the dark on a bus, heading to an unknown destination endure panic
16  attacks and screams for help.

17      49.    DEFENDANTS heard the screams for help and responded by blaring
18  heavy metal music while Ms. MONTILLA remained handcuffed in a prone position
19  in the dark.  The excessively tight handcuffs forced Ms. MONTILLA to experience
20  pain and suffering during the entire time she was bound.

21      50.    Penal Code § 853.6 imposes a mandatory requirement to release
22  misdemeanor violators on their own recognizance in the field or immediately after
23  booking unless individualized probable cause exists to believe that one or more
24  exceptions to the statute exists as a basis to deny or release.

25      51.    The DEFENDANTS provide no reason or justification for their refusal
26  to promptly process and release Ms. MONTILLA when she was initially arrested,
27  but instead DEFENDANTS subjected Ms. MONTILLA to a prolonged detainment
28  without access to food, water, and bathrooms for approximately five hours, where

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                              Carmen D. Sabater, Esq.

1  she was painfully handcuffed, without any supervision or observation.  Subjecting
2  Ms. MONTILLA, and others, to hours of ongoing physical pain in a mentally
3  torturous environment was unreasonable, excessive, despicable and in conscious
4  disregard of her health and safety.

5      52.   Penal Code § 853.6 and the First Amendment by constitutional
6  principle require individualized suspicion before fundamental rights may be denied.
7  There is no reasonable basis Ms. MONTILLA would engage in a similar purported
8  misdemeanor violation if she had been cited and released in the field.

9      53.   DEFENDANTS denied Ms. MONTILLA her individualized
10  assessment of criminal liability that is paramount to due process and had her liberty
11  unlawfully restricted when DEFENDANTS deliberately decided to ignore the
12  explicit command of Penal Code § 853.6.

13      54.   DEFENDANTS' decision to deny Ms. MONTILLA's liberty and
14  detain her without justification for a prolonged time violates the First, Fourth, and
15  Fourteenth Amendment rights of Ms. MONTILLA, and DEFENDANTS acted or
16  acted by omission with the specific and deliberate intent to interfere with the
17  exercise of Ms. MONTILLA's rights to assembly and due process.

18      55.   Throughout Ms. MONTILLA's prolonged detainment,
19  DEFENDANTS aggressively touched and groped her body by patting their hands
20  aggressively on her vagina and breasts in four separate instances.

21      56.   Ms. MONTILLA observed that during each pat-down of her person,
22  no officer involved or observing the actions wore a protective face mask.

23      57.   While on the bus, DEFENDANTS confronted the arrestees and many
24  individuals spoke at once. To facilitate communication, the arrestees let Ms.
25  MONTILLA speak on their behalf. When a DEFENDANT DOE officer, appearing
26  to be from the COUNTY OF LOS ANGELES Sheriff's Department, asked who
27  spoke, Ms. MONTILLA rose to show the source of her voice.  In response,
28  DEFENDANT DOE officer reached for his gun and moved in a threatening manner

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                      V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                        Carmen D. Sabater, Esq.

toward Ms. MONTILLA.

58.     Ms. MONTILLA personally witnessed a DEFENDANT officer slice the hand of a young woman who complained about the pain her zip tie handcuffs caused.  Ms. MONTILLA personally witnessed the DEFENDANT officer refuse to assist the bleeding young woman and told her to deal with it on her own.

59.     When Ms. MONTILLA and others were let out of the bus in an unfamiliar location in Los Angeles County, DEFENDANTS returned possessions to arrestees by having individuals point to their belongings.

60.     Ms. MONTILLA remained in handcuffs when DEFENDANTS asked her to identify her possessions.

61.     When Ms. MONTILLA gestured by slightly leaning toward her small black bag in the back of a large and haphazardly strewn collection of possessions, approximately four DEFENDANTS grabbed their weapons at a handcuffed Ms. MONTILLA.

62.     Ms. MONTILLA personally witnessed DEFENDANTS leave a bleeding young woman in tight and painful zip tie handcuffs and send her up an unfamiliar hill without aid or assistance around approximately midnight.

63.     Ms. MONTILLA eventually ascertained her whereabouts as a parking lot at, or near, Jackie Robinson Stadium located near 297 Constitution Ave., Los Angeles, California 90049.

64.     DEFENDANTS released Ms. MONTILLA and others in this Westwood area at approximately midnight.

65.     DEFENDANTS offered no assistance or guidance for Ms. MONTILLA and others wishing to return home.

66.     Ms. MONTILLA informed DEFENDANTS her cell phone battery had died, and she did not know anyone in the area or have means to contact someone for help returning home past curfew in an unfamiliar location at approximately midnight.  She requested to use a phone to make a call or to charge her phone briefly

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Montilla v. City of Los Angeles*                                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                    Carmen D. Sabater, Esq.

1    in order to make one call.  LAPD Officers denied her request.

2        67.    Without information or assistance from DEFENDANTS after her

3    request, Ms. MONTILLA had to resort to entering into a vehicle with a stranger in

4    an attempt to return home after DEFENDANTS abandoned Ms. MONTILLA

5    following a prolonged detention in constrictive zip tie handcuffs at approximately

6    midnight, injured, and denied safety, protection, and proper due process from law

7    enforcement.

8        68.    The CITY OF LOS ANGELES, through CHIEF MOORE and the

9    LAPD, and the COUNTY OF LOS ANGELES, through SHERIFF VILLANUEVA

10   and the LOS ANGELES COUNTY Sheriff's Department, has failed to train its

11   officers in the constitutional response to peaceful demonstrations as revealed by the

12   above described allegations.  DEFENDANTS have a custom of using excessive

13   force against peaceful protestors, kettling lawful assemblies and arresting the

14   participants, and applying policies that result in prolonged detentions in restraints,

15   causing injury and denying liberty based on specious group "suspicion."  The CITY

16   OF LOS ANGELES and/or the COUNTY OF LOS ANGELES have/has been

17   aware of deficiencies in its training since at least 2000 followed by settlement

18   agreements in June 2005 and June 2009 to revise policies and training.  Yet the

19   unlawful crowd control, excessive use of force, *inter alia* DEFENDANTS currently

20   employ fail constitutional requirements.

21   **<u>FIRST CAUSE OF ACTION</u>**

22   **FIRST AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C. § 1983)**

23   **(AGAINST ALL DEFENDANTS)**

24       69.    The allegations PLAINTIFF sets forth in this complaint are hereby re-

25   alleged and incorporated by reference.

26       70.    This cause of action is asserted against DEFENDANTS CITY OF LOS

27   ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF

28   VILLANUEVA, and DOES 1-100.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*          V. James DeSimone, Esq.
Case No.:  2:20-cv-05505          Carmen D. Sabater, Esq.

71.     DEFENDANT's conduct, described above, violated PLAINTIFF's rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution.  Police declaring unlawful assemblies without justification interrupted lawful protests that posed no threat.

72.     When Ms. MONTILLA gathered with others in Grand Park, Los Angeles, LAPD officers ordered Ms. MONTILLA and other individuals gathered to disband, then used widespread force against Ms. MONTILLA and others gathered in peaceful protest.  LAPD wrongfully arrested Ms. MONTILLA, used excessive force when handcuffing Ms. MONTILLA, and subjected her to retaliatory and punitive conditions of confinement in retaliation for exercising her First Amendment Rights.

73.     The DEFENDANTS employed the above-mentioned tactics under baseless speculation of some potential unlawful activity by some unknown individual(s).

## SECOND CAUSE OF ACTION

### FOURTH AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C. § 1983)

### (AGAINST ALL DEFENDANTS)

74.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

75.     This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

76.     DEFENDANTS' conduct, described above, violated Ms. MONTILLA's rights to be free from unreasonable seizures, excessive or arbitrary force, and arrest or detention without reasonable or probable cause under the Fourth Amendment to the United States Constitution. DEFENDANTS detained, seized, handcuffed, and searched Ms. MONTILLA's person and her personal property.

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Montilla v. City of Los Angeles*                                                     V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                                        Carmen D. Sabater, Esq.

77.    DEFENDANTS detained Ms. MONTILLA for a prolonged period of time, which was approximately five hours, handcuffed Ms. MONTILLA excessively tightly behind her back, and held Ms. MONTILLA on a dark bus in a cage without access to bathrooms, water or food.  LAPD's confinement of Ms. MONTILLA and others was inhumane, malicious, and torturous.

## THIRD CAUSE OF ACTION

## FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C. § 1983)

## (AGAINST ALL DEFENDANTS)

78.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

79.    This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

80.    DEFENDANTS'    conduct,    above    described,    deprived    Ms. MONTILLA of liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

81.    PLAINTIFF had a liberty interested created by the California Penal Code § 853.6 to be cited and released for a misdemeanor absent specific information and individualized suspicion that they would immediately repeat the allegedly unlawful conduct if promptly released and not subjected to a prolonged detention.

82.    Based on perceived association with protests for Black Lives Matter and against the continued government-sanctioned killings of BIPOC men and women at the hands of law enforcement, when PLAINTIFF was denied individualized assessment and held in custody for approximately five hours, DEFENDANTS uniformly denied PLAINTIFF the mandatory "liberty" interested and codified in California Penal Code § 853.6.

## FOURTH CAUSE OF ACTION

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                          Carmen D. Sabater, Esq.

## FALSE ARREST/FALSE IMPRISONMENT
## (AGAINST ALL DEFENDANTS)

83. The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

84. This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

85. DEFENDANTS DOES 1-100 while working as police officers for the CITY OF LOS ANGELES and/or COUNTY OF LOS ANGELES, and acting within the course and scope of their duties, intentionally deprived PLAINTIFF of her freedom of movement by use of force, including threats of force, menace, fraud, deceit, and unreasonable duress.  DEFENDANTS DOES 1-100 also detained Ms. MONTILLA.  Said detention was made without reasonable suspicion.  LAPD's arrest of Ms. MONTILLA was without probable cause and any purported curfew violation was caused by LAPD's conduct. The arbitrary curfew times violated the First Amendment Rights of Ms. MONTILLA and others and rendered these arrests improper and unlawful.

86. PLAINTIFF did not knowingly or voluntarily consent.

87. The conduct of DEFENDANTS was a substantial factor in causing the harm of PLAINTIFF.

88. LOS ANGELES CITY and/or COUNTY OF LOS ANGELES are/is vicariously liable for the wrongful acts of DEFENDANTS DOES 1-100 pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  Further, Government Code § 820(a) provides "except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Montilla v. City of Los Angeles*                              V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                              Carmen D. Sabater, Esq.

89.     As a result of their conduct, DEFENDANTS are liable for Ms. MONTILLA'S injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

90.     The conduct of DEFENDANTS DOES 1-100 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Ms. MONTILLA, entitling PLAINTIFF to an award of exemplary and punitive damages against all non-government entity defendants.

91.     PLAINTIFF is seeking all damages under this claim.

## **FIFTH CAUSE OF ACTION**

### **ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

### **(AGAINST ALL DEFENDANTS)**

92.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

93.     This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

94.     DEFENDANTS DOES 1-100 while working as Police Officers for the CITY Police Department and/or the COUNTY Sheriff's Department and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally, and violently touched and battered Ms. MONTILLA sustaining serious injuries.

95.     DEFENDANTS DOES 1-100 had no legal justification for their actions, and DEFENDANTS DOES' 1-100 use of force against Ms. MONTILLA, unjustified and repeated aggressive groping of her vagina and breasts, assault, use of force, handcuffing and detention, threatening conduct while MONTILLA was handcuffed,  while carrying out their duty as officers and as CITY OF LOS ANGELES and/or COUNTY OF LOS ANGELES employees was an unreasonable

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                             V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                                      Carmen D. Sabater, Esq.

use of force.

96.   DEFENDANTS DOES 1-100 also intentionally used unreasonable force against Ms. MONTILLA, including, but not limited to, aggressive groping of her vagina and breasts and tightening handcuffs on Ms. MONTILLA to cause physical pain, numbness, and lasting bruising and mental and emotional distress when she posed no threat to the officers or anyone else.  Upon information and belief, PLAINTIFF was assaulted, grabbed, and clenched by handcuffs.

97.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, Ms. MONTILLA was caused to suffer severe pain and suffering.

98.   LOS ANGELES CITY and/or COUNTY OF LOS ANGELES are/is vicariously liable for the wrongful acts of DEFENDANTS DOES 1-100 pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  Further, Government Code § 820(a) provides "except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury cased by his act or omission to the same extent as a private person."

99.   PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Ms. MONTILLA, entitling Ms. MONTILLA to an award of exemplary and punitive damages in an amount to be determined at time of trial.

100.   As a result of their conduct, DEFENDANTS are liable for Ms. MONTILLA's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

101.   PLAINTIFF is seeking all damages under this claim.

## SIXTH CAUSE OF ACTION

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Montilla v. City of Los Angeles*                                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                    Carmen D. Sabater, Esq.

**NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**
**(AGAINST ALL DEFENDANTS)**

102.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

103.   This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

104.   The actions of DEFENDANT DOES 1-100 toward Ms. MONTILLA were negligent and reckless, including, but not limited to:

    a.  The failure to properly and adequately assess the need to detain, arrest, and use force against PLAINTIFF;

    b.   The failure to monitor and record any use of force by the CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, including DEFENDANTS DOES 1-100;

    c.  The failure to monitor and record any injuries specifically caused by the use of force by the CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, including DEFENDANTS DOES 1-100;

    d.  The negligent tactics and handling of the situation with PLAINTIFF;

    e.  The negligent detention, arrest, and use of force against PLAINTIFF including placing tight handcuffs on her for an extended period of time and abandoning her in a darkened cell for five hours with no opportunity to communicate the torturous pain she was in;

    f.  The failure to properly train and supervise employees, both professional and non-professional, including DEFENDANTS DOES 1-100;

    g.  The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Montilla v. City of Los Angeles*                                      V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                          Carmen D. Sabater, Esq.

1          and protect the rights of Ms. MONTILLA;

2          h.   The failure to provide prompt medical care to Ms. MONTILLA; and

3          i.   The negligent handling of evidence and witnesses.

4          105.   As a direct and proximate result of DEFENDANTS' conduct as
5   alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused
6   to suffer severe pain and suffering, both physically and emotionally.

7          106.   In addition, at the aforementioned date, time and place,
8   DEFENDANTS negligently, carelessly and without reasonable care, touched and
9   violently battered PLAINTIFF.

10          107.   CITY OF LOS ANGELES and/or COUNTY OF LOS ANGELES
11   are/is vicariously liable for the wrongful acts of DEFENDANTS DOES 1-100
12   pursuant to California Government Code § 815.2(a), which provides that a public
13   entity is liable for the injuries caused by its employees within the scope of the
14   employment if the employee's act would subject him or her to liability.  Further,
15   Government Code § 820(a) provides "except as otherwise provided by statute
16   (including Section 820.2), a public employee is liable for injury caused by his act
17   or omission to the same extent as a private person."

18          108.   The aforementioned acts and omissions of DEFENDANTS DOES 1-
19   100 were committed by them knowingly, willfully and maliciously, with the intent
20   to harm, injure, vex, harass and oppress PLAINTIFF, with conscious disregard to
21   his known rights and deliberate indifference to the risk of injury to PLAINTIFF.
22   By reason thereof, PLAINTIFF seeks punitive and exemplary damages from
23   DEFENDANTS, and each of them, (except DEFENDANT CITY OF LOS
24   ANGELES and/or DEFENDANT COUNTY OF LOS ANGELES) in an amount as
25   proved.

26          109.   DEFENDANTS CITY OF LOS ANGELES and/or COUNTY OF
27   LOS ANGELES, knew or reasonably should have known that DEFENDANTS
28   DOES 1-100 would engage in such a violent misconduct against PLAINTIFF,

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                    Carmen D. Sabater, Esq.

1  during the course and scope of their employment, and that, as a direct and proximate
2  result of those violations, PLAINTIFF would suffer injuries as alleged herein.

3        110.   DEFENDANTS had the authority to supervise, prohibit, control,
4  and/or regulate DEFENDANT officers so as to prevent these acts and omissions
5  from occurring.

6        111.   DEFENDANTS failed to exercise due care by hiring, retaining, and
7  failing to supervise, prohibit, control or regulate DEFENDANTS DOES 1-100.  As
8  a direct and proximate result of DFEENDANTS' negligent hiring, retention and
9  supervision, control and regulation of DEFENDANT officers, Ms. MONTILLA has
10  suffered and continues to suffer injuries entitling her to damages in amounts to be
11  proven at trial.

12        112.   By the aforesaid acts and omissions of DEFENDANTS, and each of
13  them, Ms. MONTILLA has been directly and legally caused to suffer actual
14  damages including, but not limited to, extreme pain and suffering both with
15  regards to physical and mental suffering.

16        113.   As a further direct and legal result of the acts and conduct of
17  DEFENDANTS, and each of them, as aforesaid, Ms. MONTILLA has been
18  caused to and did suffer and continues to suffer severe emotional and mental
19  distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort,
20  anxiety, psychological harm, physical pain and suffering.  The exact nature and
21  extent of said injuries is presently unknown to Ms. MONTILLA. PLAINTIFF
22  does not know at this time the exact duration or permanence of said injuries but is
23  informed and believes and thereon alleges that some if not all of the injuries are
24  reasonably certain to be permanent in character.

25        114.   As a result of their conduct, DEFENDANTS are liable for Ms.
26  MONTILLA's injuries, either because they were integral participants in the assault
27  and battery, or because they failed to intervene to prevent these violations, or under
28  the doctrine of *respondeat superior*.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

115.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Ms. MONTILLA, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

116.   PLAINTIFF is seeking all damages under this claim.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF BANE ACT (CIVIL CODE § 52.1)
### (AGAINST ALL DEFENDANTS)

117.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

118.   This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

119.   As alleged herein, DEFENDANTS interfered by threats, intimidation, or coercion with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code § 43, Penal Codes §§ 149, 240, and 242, and her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and her rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and her rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

120.   DEFENDANTS' conduct caused PLAINTIFF extreme pain and suffering both with regards to physical and mental suffering.

121.   As a result of their conduct, DEFENDANTS are liable for Ms. MONTILLA's injuries, either because they were integral participants in the

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                         Carmen D. Sabater, Esq.

misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

122.    As a direct and legal result of DEFENDANTS' acts and omissions, Ms. MONTILLA suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

123.    PLAINTIFF is informed and believes, and thereon alleges, that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done win willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

124.    PLAINTIFF brings this claim seeking all damages under state law. PLAINTIFF also seeks reasonable attorneys' fees under this claim.

## EIGHTH CAUSE OF ACTION

### INENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS)

125.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

126.    This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

127.    DEFENDANTS DOES 1-100 conduct as described above was extreme and outrageous and was done with the intent of causing Ms. MONTILLA to suffer emotional distress or with reckless disregard as to whether their conduct would cause her to suffer such distress.

128.    By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Ms. MONTILLA has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Montilla v. City of Los Angeles*                                            V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                            Carmen D. Sabater, Esq.

to physical and mental suffering.

129.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Ms. MONTILLA has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Ms. MONTILLA.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

130.   As a result of their conduct, DEFENDANTS are liable for Ms. MONTILLA's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

131.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Ms. MONTILLA, thereby justifying the award of punitive and exemplary damages in an amount to be determine at trial.

## NINTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS)

132.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

133.   This cause of action is asserted against DEFENDANTS CITY OF LOS ANGELES, CHIEF MOORE, COUNTY OF LOS ANGELES, SHERIFF VILLANUEVA, and DOES 1-100.

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Montilla v. City of Los Angeles*                                   V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                        Carmen D. Sabater, Esq.

134.   In the alternative, DEFENDANTS DOES 1-100 conduct as described above was done in a careless or negligent manner, without consideration for the effect of such conduct upon Ms. MONTILLA's emotional well-being.

135.   By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Ms. MONTILLA has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

136.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Ms. MONTILLA has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.   The exact nature and extent of said injuries is presently unknown to Ms. MONTILLA.   PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

137.   As a result of their conduct, DEFENDANTS are liable for Ms. MONTILLA's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

138.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Ms. MONTILLA, thereby justifying the award of punitive and exemplary damages in an amount to be determine at trial.

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                   V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                        Carmen D. Sabater, Esq.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS CITY OF LOS ANGELES, CHIEF MICHEL MOORE, COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, DOES 1-100, and each of them, as follows:

1.     For general economic and non-economic damages according to proof;

2.     For special damages according to proof;

3.     For punitive damages where allowed by law;

4.     For equitable relief;

5.     For prejudgment interest;

6.     For costs of suit incurred herein;

7.     For attorney's fees as allowed by law;

8.     For civil penalties as allowed by law;

9.     For such other and further relief as this Court deems just and proper, and appropriate.

Date: June 22, 2020                              **V. JAMES DESIMONE LAW**

                                            By: /s/ *V. James DeSimone*
                                                V. JAMES DESIMONE, ESQ.
                                                CARMEN SABATER, ESQ.

                                                Attorneys for PLAINTIFF,
                                                LAURA MONTILLA

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                              Carmen D. Sabater, Esq.

1

## **DEMAND FOR JURY TRIAL**

2  PLAINTIFF hereby demands a trial by jury.

3

4  Date: June 22, 2020                **V. JAMES DESIMONE LAW**

5

6                                         By: /s/ *V. James DeSimone*

7                                         V. JAMES DESIMONE, ESQ.
                                          CARMEN SABATER, ESQ.

8

9                                         Attorneys for PLAINTIFF,
                                          LAURA MONTILLA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Montilla v. City of Los Angeles*                                    V. James DeSimone, Esq.
Case No.:  2:20-cv-05505                                          Carmen D. Sabater, Esq.